W. B. SINCLAIR, *et ux.*, v. KATIE C. STOKES, *et vir.*

154 So. 189.
Division A.
Opinion Filed April 4, 1934.

*Oxford & Cutts,* for Appellants;
*George F. Parker,* for Appellees.

TERRELL, J.—In August, 1927, W. B. Sinclair and his wife, Alberta Sinclair, appellants, executed their promissory note, in the sum of $3,000.00, to Mrs. Alice Robson, the

said note being due on or before three years from date of execution, bore interest at 10 per cent. and was secured by a mortgage on the following described lands:

Lot Eighteen (18) and north half (N. ½) of Lot Fourteen (14), and house on Lot Eighteen (18), all in Block "K" of Lake Hills Court, being a subdivision of a portion of Southwest quarter (S. W. ¼) of Section Thirty-one (31) Township Twenty-seven (27) South, Range Twenty-four (24) East.

In June, 1930, Mrs. Alice Robson assigned said mortgage and note to Katie C. Stokes, appellee. In July, 1930, Katie C. Stokes joined by her husband, L. E. Stokes, filed her bill of complaint in the Circuit Court of Polk County, to foreclose said mortgage. The bill alleged that the principal of the note, $455.00, interest thereon, and taxes (State and county) in the sum of $178.79 were past due and that she agreed to pay her attorney $350:00 to foreclose same. A demurrer to the bill was sustained and by order of the court a first, second, and third amended bill of complaint were seasonably filed. It is unnecessary to discuss any of these pleadings except the third amended bill.

The third amended bill of complaint was filed in January, 1931. In addition to the allegations contained in the original bill of complaint, it alleged that W. B. Sinclair by his personal exchange contract did agree to convey to L. E. Stokes and Katie C. Stokes for a valuable consideration the lands described in the mortgage sought to be foreclosed on condition that they assume payment of said mortgage and past due interest and taxes thereon. Neither the wife of Sinclair or Stokes were parties to this exchange contract nor were they advised of it. It is shown that L. E. Stokes complied with his part of the exchange contract and trusted Sinclair to comply with his part but that he (Sinclair) did

not then do so, nor has he ever complied with his part of it in that in his deed of conveyance to Stokes, he did not include Lot 18, Block "K," of Lake Hills Court Addition to Lakeland, Florida, but included only the north half of Lot 14, Block "K," Lake Hills Court Addition, the said Lot 18 having been left out of said deed by mistake or oversight.

It is also alleged that the deed of exchange was executed by W. B. Sinclair and wife to Stokes with due formality as required by law and that promptly after its delivery, the Sinclairs vacated the house on Lot 18 and gave possession of both lots as described in the mortgage to L. E. and Katie C. Stokes who are still in possession thereof and have paid all taxes on said lands from the date of the execution of the mortgage to Mrs. Robson to the date this suit was instituted. It is also alleged that Stokes relied on Sinclair to make him a deed describing all the lands agreed to be conveyed and that as soon as his attention was called to the fact of the error, he, Stokes, called on the Sinclairs to correct and make good their contract, which they promised and agreed to do but have not done so.

It is further alleged that L. E. Stokes has no interest whatever in the note and mortgage being foreclosed, that they are the separate property of his wife, Katie C. Stokes, who was not a party to the exchange agreement negotiated by L. E. Stokes individually and that neither L. E. Stokes nor his wife, Katie C. Stokes, agreed to assume and pay the mortgage being the subject matter of this suit as part of the consideration in the exchange agreement. A demurrer to the third amended bill was overruled and appeal was prosecuted from that decree.

Supersedeas was not given so the defendants filed their joint and several answer to the third amended bill, testimony was taken and on final hearing the equities were found to be

in favor of complainants and final decree entered in their favor. Appeal was taken from that final decree. The matter is therefore here on both the appeal from the interlocutory and the final decree.

It is contended that the original bill was filed before maturity of the mortgage on an alleged right of acceleration when the third amended bill shows that complainants agreed to assume the mortgage which they seek to foreclose. It is also contended that foreclosure should not be allowed on the ground that defendants did not convey one of the pieces of property they agreed to convey when it appears that complainants did not pay or cancel the mortgage they assumed and were not able to do so but obtained an assignment by paying part of the money and giving their mortgage on the same property for the balance, leaving the original mortgage still in force which the wife is foreclosing as assignee. Other questions are argued but they all revolve around these two.

We have only attempted to state the material allegations of such pleadings as are essential to raise the question involved. Various pleadings were filed that are not mentioned in this statement. We have examined the records and briefs with reference to all the questions raised, and, while we do not consider the record free from error, such errors as were made were harmless and in the end substantial justice was done. To discuss all of the assignments fully would necessitate a long opinion that would serve no useful purpose. It is shown that the mortgage in question was the separate property of Katie C. Stokes and that for failure to comply with the terms of the said mortgage, she was within her rights in invoking the acceleration clause. The record bears ample support for the decree of the chancellor.

The judgment is accordingly affirmed.

Affirmed.

DAVIS, C. J., and ELLIS, J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.